**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MATTHEW MAURITZ and**
**NENA MAURITZ** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:25-cv-185-LG-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY** **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Extend Deadline [43], Defendant's Motion to Strike [63], and the parties' Joint Motion to Reset Pretrial Conference [62]. Having considered the record, the parties' submissions, and the applicable law, the Court finds that Plaintiff's Motion [43] should be granted, Defendant's Motion [63] should be denied, and the parties' Joint Motion [62] should be denied as moot.

On September 5, 2025, Plaintiffs filed this action in the Circuit Court of Forrest County, Mississippi, alleging that their insurer, Defendant State Farm Fire and Casualty Company, wrongfully denied their claim under a homeowners' policy for roof damage allegedly caused by a storm in November of 2023. *See* [1-2] at 5-12. Plaintiffs brought claims for breach of contract, tortious breach of contract, breach of covenant of good faith and fair dealing, bad faith, negligence, gross negligence, and negligent and intentional infliction of emotional distress. *Id*.

On December 16, 2025, Defendant removed the case to this Court, and on February 23, 2026, the Court entered a Case Management Order [11] setting a June 8, 2026, deadline for Plaintiffs' expert designations and a July 8, 2026, deadline for Defendant's expert designations. Later, Defendant's expert designation deadline was extended to August 14, 2026. *See* August 12, 2026, Text Only Order.

On June 8, 2026, Plaintiffs designated Kodi Boughtman as an expert witness who is expected to testify regarding the nature and extent of the damage to Plaintiffs' home, the cost to repair such damage, and the cause. *See* [56-4] at 3.

On July 23, 2026, well over a month past their deadline to designate experts, Plaintiff filed the instant Motion [43] requesting additional time to designate Scott Scariano as an expert witness to testify concerning the nature and extent of the damage to Plaintiffs' home, the cost to repair the damage, the cause of the damage, and the particulars of the adjusting process. *See* [43-2] at 5. Then, on August 3, 2026, Plaintiffs produced Scariano's report to Defendant. *See* [47].

Defendant filed a Response [56] and Brief [57] opposing Plaintiff's Motion to Extend [43]. Additionally, Defendant filed a Motion [63] requesting that the Court strike Scariano's report and the corresponding production.

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). Plaintiffs' expert designation deadline ran on June 8, 2024, nearly two months before Plaintiff produced Scariano's report. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Whether considering Plaintiff's Motion to Extend Deadline [43] or Defendant's Motion to Strike [63], the Court considers the following factors: (1) the explanation for the failure to timely disclose the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *Reliance Ins. Co. v. Louisiana Land & Exploration*, 110 F.3d 253, 257 (5th Cir. 1997).

As an explanation for the untimely designation, Plaintiffs argue that they were not made aware of Scariano's potential as an expert witness until after their expert designation deadline, when Scariano's company, Property Insurance Experts, responded to a subpoena by providing photographs of the damage to their home and an itemization of the repair costs.

For its part, Defendant points out that Plaintiffs were aware of Scariano long before the expiration of their expert designation deadline. In May of 2024, Plaintiffs, in communications with Defendant, sought an appraisal process and identified Scariano as their appraiser. *See* [56-2] at 4. Additionally, on April 9, 2026, Plaintiffs identified Scariano as a potential fact witness in their answers to interrogatories. *See* [56-3] at 4.

Plaintiffs attempt to rebut this by arguing that, while aware of Scariano, they were unaware of his *opinions* because the appraisal process did not proceed. This, however, does not justify the delay. Prior to their expert designation deadline, Plaintiffs were aware that Scariano had expertise in damage appraisal and possessed knowledge concerning the alleged damage to their home. That Plaintiffs failed to ask Scariano his opinions does not justify their failure to timely designate, and this factor weighs against allowing the untimely designation.

Concerning the importance of Scariano's testimony, Defendant argues that it would be duplicative as Plaintiffs timely designated another exert witness, Kodi Boughtman, to testify concerning the nature and extent of the damage to Plaintiffs' home, the cost to repair such damage, and the cause. *See* [56-4] at 3. Plaintiffs counter by highlighting the differences between the opinions of these expert witnesses. Scariano will testify concerning damage to the home which Boughtman does address, specifically damage to "the foyer, the downstairs hallway, the master bedroom and bathroom, the living room, the sitting room, the stairway, the second-

floor landing, and both of the upstairs bedrooms." *See* [61] at 5. According to Plaintiffs, Scariano's testimony also differs from Boughtman's because he discusses additional living expenses that will be incurred while the home is being repaired and discusses the deficiencies in Defendant's claim investigation. *Id*. Given these differences in the experts' opinions, the Court finds that the factor of importance weighs in favor of allowing the untimely designation.

As for prejudice, the Court notes that Defendant's expert designation deadline expired on August 14, 2026—only eleven days after Plaintiffs produced Scariano's report. Plaintiffs confront this deadline in their briefing. Plaintiffs note that both experts designated by Defendant were able to review Scariano's report before finalizing their own reports. *See* [61-2] at 22; [56-10] at 8-10. In response, Defendant argues that while its experts reviewed Scariano's report, they did not have a meaningful opportunity to address Scariano's report. Indeed, Defendant's expert, Mike Strayer, specifically noted the "severely limited time" he had to review Scariano's report and stated that it was "not possible to perform a full analysis." *See* [56-6] at 10.

Plaintiffs acknowledge Strayer's assertion that more time is needed to properly analyze Scariano's report, and neither party argues that expert supplementation and discovery can be completed by the current discovery deadline of September 9, 2026. Thus, the Court finds that allowing the untimely designation would prejudice Defendant.

This prejudice, however, can be mitigated by a continuance and extensions of the case deadlines, which would provide Defendant an opportunity to designate responsive experts or to supplement the current designations. Plaintiffs moved for extensions of the case deadlines, and the Court, having considered the appropriate factors,[1] finds that extensions and a continuance of

---

[1] In addition to the factors set forth above, the Court considered both the good-cause and excusable-neglect standards under Fed. R. Civ. P. 16(b)(4) and 6(b)(2).

the trial are warranted.[2] Plaintiffs' expert designation should not be stricken, but Defendant will be provided a fair opportunity to respond to the designation.

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion to Extend Deadline [43] is GRANTED;
2. Defendant's Motion to Strike [63] is DENIED;
3. The parties' Joint Motion to Reset Pretrial Conference [62] is DENIED as moot;
4. Plaintiffs' designation of Scott Scariano as an expert witness is deemed timely;
5. Defendant's expert designation deadline is extended to October 2, 2026;
6. The discovery deadline is extended to November 2, 2026, for the sole purpose of addressing the new expert opinions and not for any other purpose;
7. The deadline for motions (other than motions *in limine* or discovery motions) is extended to November 16, 2026;
8. The pre-trial conference is reset for April 13-14, 2027, before District Judge Louis Guirola, Jr.;
9. The jury trial is reset for a four-week term beginning May 3, 2027, before District Judge Louis Guirola, Jr.;
10. Any conflict with the trial date must be submitted in writing to the District Judge on or before September 7, 2026; and
11. All other provisions and deadlines contained in the Case Management Order [11] remain in place.

SO ORDERED this the 1st day of September, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[2] On August 24, 2026, the parties filed a Motion [62] seeking an order resetting the pretrial conference (currently set for February 9-10, 2027) due to the closure of defense counsel's children's school at that time. As the Court will grant a trial continuance, this Motion [62] will be denied as moot.